FRANCESCO MARSELLA *et al. vs.* ATTILLIO SIMONELLI.

JULY 6, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) New Trial. Remittitur.*
Where on petition for new trial the justice presiding set the whole verdict
aside because he was unable to determine the amount of the excess satis-
factorily to himself, it was error for under Gen. Laws, cap 298, § 12, it
was his duty to determine the amount which appeared to him to represent
such excess and fix a remittitur; but in view of the decision of the justice,
as bearing on the question of the credibility of plaintiff and from the un-
satisfactory nature of all of plaintiff's testimony and the grave doubt as to
the validity of his claim as a whole, the decision unconditionally granting
a new trial will not be disturbed.

ASSUMPSIT. Heard on exception of plaintiff and over-
ruled.

SWEETLAND, C. J. The above entitled case is in assump-
sit brought to recover for goods alleged to have been sold
and delivered by the plaintiffs, Francesco Marsella and his
wife Caterina Marsella, to the defendant, and for money
alleged to have been loaned by the plaintiffs to the defendant.

The case was tried before a justice of the Superior Court,
sitting with a jury, and resulted in a verdict for the plain-
tiffs for $816. The defendant duly filed his motion for a
new trial. In his decision upon said motion it appears that
the justice presiding did not approve of the verdict in so
far as it was a finding in favor of the plaintiffs upon that
portion of their claim which was not represented by the
checks of the plaintiff Francesco, which checks the plaintiff
Francesco testified he gave to the defendant as a method
of loaning the money of the plaintiffs to the defendant. In
his decision said justice stated that, "A verdict for plaintiff
for the debt represented by the checks I should not disturb."
Because of his uncertainty as to the amount of the claim
represented by the checks said justice states that he will not
attempt to fix the amount of a remittitur and grants the
defendant's motion for a new trial. To this decision of said

justice the plaintiff excepted and the case is before us upon said exception.

Section 12, Chapter 298, General Laws, 1909, provides in part as follows: "A verdict shall not be set aside as excessive by the supreme or superior court until the prevailing party has been given opportunity to remit so much thereof as the court adjudges excessive."

(1) From his decision it clearly appears that said justice regarded the verdict as excessive and set the whole verdict aside because he was unable to determine the amount of the excess satisfactorily to himself. When said justice had determined to his own satisfaction that some portion of the verdict was unwarranted, and hence that the jury's award was excessive, it became his duty under the statute to determine the amount which appeared to him to represent such excess and fix a remittitur. An examination of the transcript indicates that such a task was not without difficulty, nor could said justice hope to reach an entirely satisfactory conclusion, but he had the same data as the jury, to whom upon the evidence he had submitted the claim as to the checks. In the event of another trial the plaintiffs' claim as to money loaned by checks will undoubtedly be submitted to the jury upon much the same evidence as was introduced at this trial. We are of the opinion if the defendant's liability upon the checks is established it can be determined on the evidence, with reasonable certainty, as to the amount due upon that item of the plaintiffs' claim. Many cases are presented to the courts for determination, in which the plaintiff is clearly entitled to a verdict but the evidence does not permit the fixing of damages with exactness. Such causes should be allowed to reach a final determination and questions of doubt as to the amount of the damages may well be resolved in favor of the defendant. We are of the opinion that under the statute as the justice approved the verdict in part only he should have fixed the amount of a remittitur.

We have examined the transcript and find the evidence to be sharply conflicting upon all the matters in controversy. A conclusion as to where the preponderance lies must depend upon where credence is placed in passing upon the conflicting testimony of the plaintiff Francesco and that of the defendant. In his charge to the jury said justice stated as follows: "Briefly, the question of liability here depends on what you determine as to who is telling the truth and who isn't." We think that this statement was entirely justified from an examination of the transcript. In his decision the justice has given credit to one portion of said Francesco's testimony and not to the other. If Francesco is discredited with regard to the items of the plaintiffs' claim other than as to the money alleged to have been loaned on checks, he must be held to have disregarded his oath, and, as to a large part of his evidence, to have wilfully testified falsely. From our examination of the evidence it appears to us that the plaintiffs are no more entitled to recover for the money alleged to have been loaned upon checks than upon the other items of their claim.

From the Justice's point of view, as set out in his decision, we think he was in error in not fixing a remittitur; but in view of his decision, as it bears upon the question of the credibility of the witness Francesco, and from what appears to us to be the very unsatisfactory nature of all of said Francesco's testimony and by reason of the grave doubt which we have as to the validity of the plaintiffs' claim as a whole, we think there was no error in the decision unconditionally granting a new trial.

The plaintiffs' exception is overruled and the case is remitted to the Superior Court for a new trial.

*Lee, Boss & McCanna, George J. Sheehan,* of counsel, for plaintiff.

*Washington R. Prescott, Pasquale Romano,* for defendant.